**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| James Schofield, *individually and on behalf of all others similarly situated*, <br><br> Plaintiff, <br> v. <br><br> Credit Acceptance Corporation, <br><br> Defendants. | Civil Action No.: <br><br><br> **CLASS ACTION COMPLAINT** |

Plaintiff James Schofield, individually and on behalf of all others similarly situated, sues Defendant Credit Acceptance Corporation, and for his Class Action Complaint states as follows:

**INTRODUCTION**

1. Plaintiff, James Schofield ("Plaintiff"), brings this class action for damages resulting from the illegal actions of Credit Acceptance Corporation ("CAC" or "Defendant"). Defendant knowingly and/or willfully placed automated calls to Plaintiff's cellular phone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA").

2. CAC is a publicly traded "indirect auto finance company." CAC does business with car dealerships "nationwide to enable them to sell cars to consumers on credit regardless of [the consumer's] credit history." *See* https://www.creditacceptance.com/aboutus.aspx (last visited Feb. 8, 2016).

3. When a consumer falls behind on a loan, CAC commences autodialing telephone numbers it associates with the consumer's account in an attempt to collect the debt. Often, these associated numbers do not belong to the debtor, a co-signer, or any party actually associated in any way with the debt. These unsuspecting consumers have not provided their telephone numbers to

1

CAC nor have they provided CAC prior express consent to call or autodial.

4. Consumers complain of CAC's automated calls to non-debtors:



http://www.ripoffreport.com/r/Credit-Acceptance-Corporation/Southfield-Michigan-48034/Credit-Acceptance-Corporation-I-recieve-up-to-10-phone-calls-a-day-from-Credit-Acceptance-227499 (last visited Feb. 8, 2016).

5. Plaintiff seeks to represent these unsuspecting consumers whom CAC autodialed despite lacking prior express consent.

**PARTIES, JURISDICTION AND VENUE**

6. Plaintiff is and at all times mentioned herein was an individual person residing in Cabot, Arkansas.

7. CAC is a Michigan corporation with an address of 25505 West Twelve Mile Road, Southfield, MI 48034.

8. This Court has subject matter jurisdiction under 28 U.S.C. §1331.

9. Personal jurisdiction and venue in this district are proper pursuant to 28 U.S.C. § 1391(b) because CAC resides here and a substantial part of the events giving rise to the claim occurred here.

**FACTS RELATED TO PLAINTIFF**

10. Plaintiff's daughter obtained an auto loan from CAC. Plaintiff was not a debtor or co-signer on the loan.

11. In the last four years, CAC began placing automated telephone calls to Plaintiff on his cellular telephone at telephone number 501-xxx-4166.

12. CAC called Plaintiff from telephone numbers 734-742-1035 and 734-521-2062.

13. At all times mentioned herein, Defendant called Plaintiff's cellular telephone using an "automatic telephone dialing system" ("ATDS") as defined by 47 U.S.C. § 227(a)(1).

14. When Plaintiff answered the calls from CAC, he heard a prerecorded message asking Plaintiff to "please hold" for the next available representative. After the message the calls would be routed to a live agent. This is indicative of CAC's use of a "predictive dialer," an ATDS under the TCPA.

15. Plaintiff does not owe a debt to CAC. Plaintiff has never done business with CAC. Plaintiff did not give his number to CAC. Plaintiff did not provide prior express consent to CAC to autodial his cellular telephone. Accordingly, the calls placed by Defendant to Plaintiff were in violation of 47 U.S.C. § 227(b)(1)(A).

16. The telephone number called by Defendant was and is assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

17. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

**CLASS ALLEGATIONS**

18. Plaintiff brings this claim pursuant to Federal Rule of Civil Procedure 23(b)(2)

and (b)(3) on behalf the following class (the "Class"):

**(1) All persons in the United States (2) to whose cellular telephone number (3) CAC placed a non-emergency telephone call (4) using an ATDS (5) within four years of the complaint (6) where CAC did not have express written consent to call said cellular telephone number.**

19. Plaintiff represents and is a member of the Class. Excluded from the Class are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, the Judge to whom this action is assigned and any member of the Judge's staff and immediate family.

20. Plaintiff does not know the exact number of members in the Class, but based upon the size and national scope of CAC and the automated nature of the calls, Plaintiff reasonably believes that the Class numbers in the thousands.

21. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits. The Class can be identified easily through records maintained by CAC.

22. There are questions of law and fact common to the members of the Class which predominate over any questions that affect only individual Class members. Those common questions of law and fact include, but are not limited to, the following:

   i. Whether CAC engaged in a pattern of using an ATDS to place calls to cellular phones;

   ii. Whether CAC had prior express consent to place the calls; and

   iii. Whether CAC willfully violated the TCPA.

23. As a person who received automated telephone calls from CAC on his cellular

phone without having given prior express consent, Plaintiff asserts claims that are typical of the members of the Class. Plaintiff will fairly and adequately represent and protect the interests of the class, and has no interests which are antagonistic to any member of the Class.

24. Plaintiff has retained counsel experienced in handling class action claims, including class claims involving violations of federal and state consumer protection statutes such as the TCPA.

25. A class action is the superior method for the fair and efficient adjudication of this controversy. Class-wide relief is essential to compel Defendant to comply with the TCPA. The interest of individual Class members in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages for violation of the TCPA are small in comparison to the costs and expenses of litigation of such claims. Management of these claims is likely to present few difficulties because the calls at issue are all automated and the Class members, by definition, did not provide the prior express consent required under the statute to authorize calls to their cellular telephones as CAC did not attempt to obtain consent required by the TCPA prior to placing the calls.

26. Defendant has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class appropriate. Moreover, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## COUNT I –VIOLATIONS OF THE TCPA

27. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

28. Plaintiff brings this claim on behalf of the Class.

29. CAC made automated telephone calls to the wireless telephone number of

Plaintiff and the other Class members. These phone calls were made without the prior express consent of Plaintiff or the other Class members and were not made for emergency purposes.

30. CAC has therefore violated the TCPA, 47 U.S.C. § 227(b)(1)(A), which makes it "unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system."

31. Each of the aforementioned calls by CAC constitutes a violation of the TCPA.

32. Plaintiff and Class members are entitled to an award of $500.00 in statutory damages for each call made in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

33. Plaintiff and Class members are also entitled to and do seek injunctive relief prohibiting Defendant's violation of the TCPA in the future.

34. Plaintiff and Class members are also entitled to and do seek a declaration that:

- Defendant violated the TCPA;
- Defendant used an ATDS; and
- Defendant placed calls to the Plaintiff and the Class without prior express consent.

## COUNT II – WILLFUL VIOLATIONS OF THE TCPA

35. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

36. Plaintiff brings this claim on behalf of the Class.

37. CAC made automated telephone calls to the wireless telephone number of Plaintiff and the other Class members. These phone calls were made without the prior express consent of Plaintiff or the other Class members and were not made for emergency purposes.

38. CAC has therefore violated the TCPA, 47 U.S.C. § 227(b)(1)(A), which makes it

"unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice."

39. Each of the aforementioned calls by CAC constitutes a willful violation of the TCPA.

40. Plaintiff and the members of the Class are entitled to an award of up to $1500.00 in statutory damages for each call made in willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3).

41. Plaintiff and Class members are also entitled to and do seek injunctive relief prohibiting Defendant's violation of the TCPA in the future.

42. Plaintiff and TCPA Class members are also entitled to and do seek a declaration that:

- Defendant knowingly and/or willfully violated the TCPA;
- Defendant knowingly and/or willfully used ATDS on calls to Plaintiff and the Class;
- Defendant knowingly and/or willfully obtained the telephone numbers of non-debtors;
- Defendant willfully placed automated calls to non-customers such as Plaintiff and the Class, knowing it did not have prior express consent to do so; and
- It is Defendant's practice and history to place automated telephone calls to non-consumers without their prior express consent.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and

the Class and against Defendant for:

      A.      Statutory damages pursuant to 47 U.S.C. § 227(b)(3);

      B.      Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

      C.      Declaratory relief as prayed for herein;

      E.      Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on issues so triable.

Dated: February 12, 2016                      Respectfully submitted,

By:    */s/ Sergei Lemberg*
Sergei Lemberg
LEMBERG LAW, LLC
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
*Attorneys for Plaintiff*